IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CAIRNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| MY BIG T CORP and | ) | |
| ROCHELLE REAL ESTATE LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendants', MY BIG T CORP and ROCHELLE REAL ESTATE LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, MY BIG T CORP (hereinafter "MY BIG T CORP"), is a domestic for-profit corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, MY BIG T CORP, may be properly served with process via its registered agent for service, to wit:   Syed W. Ali, Registered Agent, 6300 Independence Parkway, Suite C, Plano, TX  75023.

9.      Defendant, ROCHELLE REAL ESTATE LLC (hereinafter "ROCHELLE REAL ESTATE LLC") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, ROCHELLE REAL ESTATE LLC, may be properly served with process via its registered agent for service, to wit:  Gaziani Group Inc., Registered Agent, 3717 Hearst Castleway, Plano, TX  75025.

## FACTUAL ALLEGATIONS

8.    On or about February 9, 2019, Plaintiff was a customer at the restaurant located at 2851 Esters Road, Irving, TX 75062, referenced herein as the "Jimmy's Burger & Grill." At the time he visited the restaurant it was called "Kasbah Grill", but the receipt he received for that visit had "Jimmy's Burger & Grill" on it.

9.    Jimmy's Burger & Grill underwent significant modifications in 2019.  On September 7, 2019, Plaintiff again wanted to visit Jimmy's Burger & Grill, he travelled to Jimmy's Burger & Grill but the restaurant was closed due to the renovations.

10.    Plaintiff again visited Jimmy's Burger & Grill on October 19, 2019 when it was open to the public.

11.    Jimmy's Burger & Grill is operated by Defendant, MY BIG T CORP."

12.    Plaintiff's access to the business located at 2851 Esters Road, Irving, TX 75062, Dallas County Property Appraiser's parcel number 325615200A0010000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Jimmy's Burger & Grill and the Property, including those set forth in this Complaint.

13.    Plaintiff lives 20 miles of Jimmy's Burger & Grill and the Property.

14.    Plaintiff has visited Jimmy's Burger & Grill and the Property at least three times before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Jimmy's Burger & Grill and the Property within six months or sooner, as soon as the barriers to access

detailed in this Complaint are removed and Jimmy's Burger & Grill and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when Jimmy's Burger & Grill and the Property is made accessible and to maintain sanding for this lawsuit for Advocacy Purposes.

15.     Plaintiff intends on revisiting Jimmy's Burger & Grill and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

16.     Plaintiff travelled to Jimmy's Burger & Grill and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access Jimmy's Burger & Grill and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Jimmy's Burger & Grill and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

18.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii)     discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    (v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

    19.    Congress explicitly stated that the purpose of the ADA was to:

    (i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

                * * * * *

    (iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

    20.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

    21.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C.

§ 12181; 28 C.F.R. § 36.508(a).

22.     Jimmy's Burger & Grill is a public accommodation and service establishment.

23.     The Property is a public accommodation and service establishment.

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

26.     Jimmy's Burger & Grill must be, but is not, in compliance with the ADA and ADAAG.

27.     The Property must be, but is not, in compliance with the ADA and ADAAG.

28.      Plaintiff has attempted to, and has to the extent possible, accessed Jimmy's Burger & Grill and the Property in his capacity as a customer at Jimmy's Burger & Grill and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Jimmy's Burger & Grill and the Property that preclude and/or limit his access to Jimmy's Burger & Grill and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Plaintiff intends to visit Jimmy's Burger & Grill and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly

6

offered at Jimmy's Burger & Grill and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Jimmy's Burger & Grill and the Property that preclude and/or limit his access to Jimmy's Burger & Grill and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Jimmy's Burger & Grill and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31.     Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, are compelled to remove all physical barriers that exist at Jimmy's Burger & Grill and the Property, including those specifically set forth herein, and make Jimmy's Burger & Grill and the Property accessible to and usable by Plaintiff and other persons with disabilities.

32.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Jimmy's Burger & Grill and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Jimmy's Burger & Grill and the Property include, but are not limited to:

(a)     **ACCESSIBLE ELEMENTS:**

(i)     Accessible parking space and associated access aisle have a surface slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    The access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)   The accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv)    The Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:10 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v)     Due to the presence of a gate and a fence, the Property lacks an accessible route from accessible parking space to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)    Due to the presence of a gate and a fence blocking the only accessible route leading from the accessible ramp adjacent to the accessible parking space, the

8

accessible parking space lacks an accessible route leading from the accessible parking space to the accessible entrance in violation of section 208.3.1 of the 2010 ADAAG Standards.

(vii)    All exterior tables lack adequate knee and toe clearance in violation of section 306 of the 2010 ADAAG Standards.

(viii)   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i)      The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(ii)     The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)    The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.2 of the 2010 ADAAG standards as the rear bar does not properly extend at least 24 inches from the centerline of the toilet. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)     The flush control on the toilet is not on the open side of the toilet in violation of section 604.6 of the 2010 ADAAG Standards.

(v)      The upper rim of the sink has a height in excess of 34 inches from the finished
floor in violation of section 606.3 of the 2010 ADAAG Standards.

(vi)     The locking mechanism on the restroom door requires twisting of the wrist in
violation of section 309.4 of the 2010 ADAAG Standards.

33.      The violations enumerated above may not be a complete list of the barriers,
conditions or violations encountered by Plaintiff and/or which exist at Jimmy's Burger & Grill
and the Property.

34.      Plaintiff requires an inspection of Jimmy's Burger & Grill and the Property in
order to determine all of the discriminatory conditions present at Jimmy's Burger & Grill and the
Property in violation of the ADA.

35.      The removal of the physical barriers, dangerous conditions and ADA violations
alleged herein is readily achievable and can be accomplished and carried out without significant
difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36.       All of the violations alleged herein are readily achievable to modify to bring
Jimmy's Burger & Grill and the Property into compliance with the ADA.

37.      Upon information and good faith belief, the removal of the physical barriers and
dangerous conditions present at Jimmy's Burger & Grill and the Property is readily achievable
because the nature and cost of the modifications are relatively low.

38.      Upon information and good faith belief, the removal of the physical barriers and
dangerous conditions present at Jimmy's Burger & Grill and the Property is readily achievable
because Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, have the
financial resources to make the necessary modifications.

39.      Upon information and good faith belief, Jimmy's Burger & Grill and the Property

has been altered in 2019.

40.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Jimmy's Burger & Grill and the Property, including those alleged herein.

42.     Plaintiff's requested relief serves the public interest.

43.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC.

44.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

45.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, MY BIG T CORP and ROCHELLE REAL ESTATE LLC, to modify Jimmy's Burger & Grill and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, MY BIG T CORP, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, ROCHELLE REAL ESTATE LLC, in violation of

the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, ROCHELLE

REAL ESTATE LLC, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, ROCHELLE REAL

ESTATE LLC, to (i) remove the physical barriers to access and (ii) alter Jimmy's

Burger & Grill and the Property to make it readily accessible to and useable by

individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses

and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: October 22, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300

12

Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS

13